UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80662-CIV-COHN-WHITE
05-80042-CR-COHN

WILLIAM G. HERNANDEZ,
    Movant,

VS.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER SUSTAINING OBJECTIONS TO REPORT AND RECOMMENDATION AS TO REMEDY ONLY

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 11] submitted by United States Magistrate Judge Patrick A. White on May 31, 2016. The Court has considered the Report, Mr. Hernandez's § 2255 motion [DE 1], the Government's response [DE 10], the Government's objections [DE 12] and supplemental authority [DE 13], Mr. Hernandez's reply [DE 16], and is otherwise advised in the premises.

The Government concedes that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Hernandez does not have three prior convictions that qualify as predicates under the Armed Career Criminal Act (ACCA). However, the Government maintains that the ACCA error was harmless because it caused no actual prejudice citing *Vines v. United States*, 28 F. 3d 1123, 1130 (11th Cir. 1994).

The Court imposed a sentence of 262 months imprisonment which was the bottom of the advisory guideline range. The sentence consisted of 202 months as to each of the four drug counts (Counts I, III, IV, V), 202 months as to the unlawful possession of a firearm by a convicted felon count (Count VI), all concurrent, and 60 months consecutive as to the count of

using and carrying a firearm during and in relation to a drug trafficking crime (Count VII). The only count impacted by the ACCA was Count VI, unlawful possession of a firearm by a convicted felon. Without the ACCA enhancement, Count VI should be reduced to 120 months to be run concurrently with the 202 months imposed on each of the drug counts. This would have no impact on the total sentence of 262 months imprisonment.

Since Mr. Hernandez is unable to show that the erroneous application of the ACCA would impact the sentence for any count other than Count VI, possession of a firearm of a conviction felon, the Court need only correct its sentence as to that count. See 28 U.S.C. § 2255(6). Having determined that correcting the sentence as to Count VI is the appropriate remedy, it is thereupon

ORDERED AND ADJUDGED that:

1. The Report of Magistrate Judge [DE 11] is **ADOPTED IN PART** as follows.
2. The Movant does not qualify for an enhanced sentence under the Armed Career Criminal Act imposed as to Count VI.
3. Pursuant to 28 U.S.C. § 2255(b), Mr. Hernandez's sentence as to Count VI only is corrected to reflect a sentence of 120 months imprisonment followed by 3 years supervised release.
5. No certificate of appealability shall issue.

The Clerk is directed to **CLOSE** this case **DENY** all pending motions as **MOOT**.

DONE AND ORDERED at Fort Lauderdale, Florida, this 3rd day of August 2016.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

cc:    United States Magistrate Judge Patrick A. White
       Rolando Garcia, AUSA
       Michael Caruso, AFPD